Parnanthu v. Holder

BIA
A077 022 500

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand fourteen.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

ARULTHAS PARNANTHU,
> *Petitioner,*

> v.                                        13-159
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Visuvanathan Rudrakumaran, New York, New York.

FOR RESPONDENT:       Stuart F. Delery, Assistant Attorney General; Leslie McKay, Assistant Director; Melissa K. Lott, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Arulthas Parnanthu, a native and citizen of Sri Lanka, seeks review of a December 18, 2012, decision of the BIA denying his motion to reopen his removal proceedings. *In re Arulthas Parnanthu*, No. A077 022 500 (B.I.A. Dec. 18, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). The agency may properly deny a motion to reopen where the movant fails to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

Contrary to Parnanthu's assertions, the BIA did not err in finding that he failed to demonstrate his prima facie eligibility for relief as a returned asylum seeker. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (recognizing that an alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for

2

[relief], which means she must show a 'realistic chance' that she will be able to obtain such relief"(citations omitted)).  Indeed, the BIA explicitly considered the country conditions evidence and reasonably found that while returning Sri Lankans are routinely screened and questioned upon arrival, the mere filing of an asylum application was not a factor increasing their risk of mistreatment and there was not a pattern or practice of persecution or torture of returned asylum seekers in Sri Lanka.  *See Adjin v. Bureau of Citizenship and Immigration Servs.*, 437 F.3d 261, 264 (2d Cir. 2006) (BIA's conclusion that petitioners did not establish prima facie eligibility for asylum affirmed where petitioner's evidence of country conditions principally concerned "the persecution of a faction of ethnic Albanians engaged in armed rebellion against the Macedonian government and [did] not establish that *any* ethnic Albanian living in Macedonia between 2001 and 2002 has a well-founded fear of persecution, simply by virtue of his ethnicity").  Instead, the BIA reasonably determined that the evidence reflected that returning Sri Lankans with criminal records and ties to the Liberation Tigers of Tamil Elam ("LTTE") were at increased risk of mistreatment or torture, characteristics

3

which Parnanthu either did not claim to possess, or could not establish he possessed, in light of the agency's prior adverse credibility determination. *Cf. Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam)(affirming the BIA's denial of an untimely motion to reopen on the basis that the petitioner's evidence "was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application" (citation omitted)).

The BIA also did not err in finding that Parnanthu failed to demonstrate his prima facie eligibility for relief as a member of the Tamil diaspora because the evidence did not indicate that the Sri Lankan government was targeting the Tamil diaspora for persecution or torture, but merely referenced the Sri Lankan government's expenditures on public relations firms in an effort to strengthen its public image and weaken the international impact of the Tamil diaspora's resistance activities. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165 (2d Cir. 2008) (BIA reasonably declined to infer reasonable possibility of persecution from official documents that spoke generally of punishment, without referencing forced sterilization); *Jian Xing Huang*

4

*v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be subjected to [persecution], his fear is speculative at best").

We further reject, as meritless, petitioner's contentions that (1) the BIA impermissibly required him to demonstrate more than a reasonable likelihood that he could establish eligibility for relief, and (2) the BIA abused its discretion by failing to abide by unpublished decisions of the BIA, which reopened and remanded proceedings to an Immigration Judge on the basis of similar claims and evidence. Nothing in the BIA's opinion indicates that it applied a heightened standard to petitioner's motion and any "apparent inconsistency" between the BIA's decision in Parnanthu's case and its unpublished decisions "is of no moment because unpublished opinions of the BIA have no precedential value." *Ajdin*, 437 F.3d at 264-65.

Because the BIA did not abuse its discretion in denying Parnanthu's motion to reopen for failure to demonstrate his prima facie eligibility for relief, we decline to consider Parnanthu's challenges to the BIA's alternative bases for denial, that his evidence was not new and that he failed to show a material change in country conditions. *See INS v.*

5

*Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, petitioner's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk